**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHEVELLE C.,**[1]

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-1055**
**Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

**ORDER**

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.)

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc*. Sec., No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec*., 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)). Courts also "consistently consider his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles." *Alisa Marie B. v. Comm'r of Soc. Sec.*, No. 2:23-CV-2622, 2023 WL 6554039, at *1 (S.D. Ohio Sept. 18, 2023) (cleaned up); *see also Reynolds v. Crawford*, No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (collecting cases reflecting that "[t]he case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis.*")

Here, the information set forth in Plaintiff's *in forma pauperis* affidavit does not demonstrate her inability to pay. Plaintiff states that she has received business income of approximately $10,000 over the last 12 months. Plaintiff further states that she is married and that her spouse is employed, but that her spouse's monthly earnings are "unknown to applicant" and that her spouse controls their joint bank account. Because Plaintiff's spouse's income and assets must be considered to determine whether Plaintiff qualifies to proceed *in forma pauperis*, Plaintiff has not provided sufficient information for the Court to rule on her motion.

In sum, the current motion does not provide sufficient information to establish whether Plaintiff qualifies to proceed *in forma pauperis* or must be required to pay the $405.00 filing fee.

So that the Court can determine whether Plaintiff satisfies the standard to proceed *in forma pauperis*, Plaintiff is **ORDERED** to file, **ON OR BEFORE OCTOBER 1, 2026**, a supplemental motion to proceed *in forma pauperis*. In it, she should disclose her spouse's monthly income, the current balances for any bank accounts owned by Plaintiff's spouse, and any real estate, stocks, bonds, notes, automobiles, or other valuable property owned by Plaintiff's spouse.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE